**TREEHOUSE LAW, LLP**
Ruhandy Glezakos (SBN 307473)
rglezakos@treehouselaw.com
Benjamin Heikali (SBN 307466)
bheikali@treehouselaw.com
Joshua Nassir (SBN 318344)
jnassir@treehouselaw.com
Katherine Phillips (SBN 353048)
kphillips@treehouselaw.com
3130 Wilshire Blvd., Suite 555
Santa Monica, CA 90403
Telephone: (310) 751-5948

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN VICTORIA SAVAGE, individually and on behalf of all others similarly situated,<br><br>     *Plaintiff,*<br><br>v.<br><br>REVLON CONSUMER PRODUCTS LLC,<br><br>     *Defendant.* | Case No. 8:25-CV-01672<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robin Victoria Savage ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against Revlon Consumer Products LLC ("Defendant"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

## I.    Introduction

1.    This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of its purported "biodegradable" or "compostable" towelettes and pads (the "Products").[1]

2.    Specifically, during the relevant class period, Defendant has sold the Products with front label representations that lead reasonable consumers to believe the Products are biodegradable. The representations include the unqualified word "biodegradable," along with a green badge that includes the phrase "100% biodegradable fibers." The representations also include the imagery of a green leaf (collectively, "Biodegradable Representations"). *See* ¶ 19.

3.    Unbeknownst to consumers, the Biodegradable Representations are false and misleading because the Products will not completely decompose within a reasonably short period of time after customary disposal. This is because the Products are customarily thrown in the trash, which means the Products ultimately end up in landfills or incinerators. These places do not have the conditions necessary to allow the Products to completely decompose within a reasonably short period of time.

---

[1] The Products include the (1) Almay Oil Free Micellar Eye Makeup Remover Pads, (2) Almay Micellar Makeup Remover Cleansing Towelettes, (3) Almay Clear Complexion Makeup Remover Cleansing Towelettes, (4) Almay Longwear & Waterproof Eye Makeup Remover Pads, and (5) Almay Longwear Makeup Remover Cleansing Towelettes.

First Amended Class Action Complaint

4.    During the class period, Defendant removed the Biodegradable Representation from the Products, and added the phrase "100% compostable material" on the front label (the "Compostable Representation").

5.    Unbeknownst to consumers, the Compostable Representation is also false or misleading because the Products cannot be composted safely or in a timely manner in a home compost pile or device. Instead, the Products can only be composted in a commercial facility, which may not exist in areas where consumers reside.

6.    Plaintiff and other consumers purchased the Products and paid a price premium based upon their reliance on Defendant's Biodegradable Representations or Compostable Representation. Had Plaintiff and other consumers been aware that the Products will not biodegrade within a reasonably short period of time and cannot be composted safely or in a timely manner in a home compost pile or device, they would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

## II.    Parties

7.    Plaintiff is domiciled in Laguna Woods, California. Plaintiff purchased the Almay Eye Makeup Remover Pads (Longwear & Waterproof) Product from Amazon.com in August of 2023. Plaintiff also purchased the Almay Eye Makeup Remover Pads (Longwear & Waterproof) Product from a CVS pharmacy in Laguna Woods, California in or around early 2024. These Products both had the Biodegradable Representations.

8.    Plaintiff customarily disposed of the Products by placing the pads in the trash (which means the Products ultimately ended up in landfills and/or incinerators). Based on the Products' Biodegradable Representations, Plaintiff reasonably believed the Products would biodegrade within a reasonably short period of time

after customary disposal. Had she known that this is not the case, she would not have purchased the Products, or would have paid significantly less for them. As such, she has been financially injured by Defendant's business practices.

9.    Defendant Revlon Consumer Products, LLC is a Delaware Limited Liability Company with a principal place of business at 55 Water Street 43rd Floor New York, NY 10041.

10.    Defendant, through its agents, is responsible for the formulation, manufacturing, advertising, marketing, labeling, distribution, and sale of the Products in California and throughout the United States, in thousands of retailers like CVS, Walmart, and Walgreens. Defendant also sells the Products online at retailers like Amazon.com.

## III.    Jurisdiction and Venue

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), also known as the Class Action Fairness Act ("CAFA"). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class and subclass are citizens of a state different from Defendant.

12.    Defendant is a Limited Liability Company ("LLC").

13.    For purposes of CAFA, an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

14.    "The Ninth Circuit has not explicitly addressed whether an LLC is an 'unincorporated association' under CAFA, but most courts that have considered the issue have concluded that 28 U.S.C. § 1332(d)(10) applies to all types of non-corporate business entities, including LLCs." *Johnson v. Kadiant LLC*, No. 2:24-CV-01372-DC-CKD, 2024 WL 4616148, at *3 (E.D. Cal. Oct. 30, 2024).

15.     As stated in *Hurt v. SH Grp. Hotels & Residence U.S. LLC*, No. 2:24-CV-08840 MWC (ASX), 2024 WL 5244725, at *2 (C.D. Cal. Dec. 30, 2024):

> Typically, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, CAFA explicitly provides an exception to the general rule: "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Jack v. Ring LLC*, 553 F. Supp. 3d at 715 (collecting cases—including Ninth Circuit and Fourth Circuit cases—suggesting that CAFA intended to change the traditional diversity rule for LLCs). Therefore, CAFA instructs courts to determine an LLC's citizenship, as an unincorporated association, based on its principal place of business and State of organization.

16.     As an LLC, Defendant is an unincorporated association under CAFA deemed to be a citizen of New York, where it has its principal place of business, and Delaware, the state under whose laws it is organized. Plaintiff is a citizen of California. As such, minimal diversity under CAFA is met.

17.     Court has personal jurisdiction over Defendant because Defendant sold its Products to consumers in California, including to Plaintiff. Directly and through its agents, Defendant has substantial contacts with, and receives substantial benefits and income from California.

18.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this case occurred in this District. Specifically, Plaintiff resides in this District and she purchased one of the Products at issue in this case in this District during the statute of limitations period.

First Amended Class Action Complaint

**IV.    The Products' Biodegradable Representations**

19.    During the relevant class period, Defendant has sold the Products with front label representations that lead reasonable consumers to believe that the Products are biodegradable. These representations include the unqualified word "biodegradable," along with a green badge that includes the phrase "100% biodegradable fibers" and imagery of a green leaf. *See images below.*



First Amended Class Action Complaint





First Amended Class Action Complaint





20.    Unbeknownst to consumers, the Biodegradable Representations are false and misleading because the Products will not completely decompose within a reasonably short period of time after customary disposal. This is because the Products are customarily thrown in the trash, which means the Products end up in landfills and/or incinerators.

21.    In fact, Defendant's website specifically instructs consumers to dispose of the Products in landfills:

**Description**    **Details**    *How To Use It*

●    Use daily for clean, fresh, makeup-free skin. No harsh rubbing. After use, dispose of wipe in trash bin (do not flush).

22.    Landfills do not have the conditions necessary to allow the Products to completely decompose within a reasonably short period of time. *See e.g., Ass'n of Nat. Advertisers, Inc. v. Lungren*, 809 F. Supp. 747, 758 (N.D. Cal. 1992), *aff'd,* 44.

23.    F.3d 726 (9th Cir. 1994) ("The claim that a product is 'biodegradable, if composted' might be truthful, but if the product is only disposed in landfills, the alleged environmental attribute actually produces no benefit.").

24.    The deceptive nature of Defendant's unqualified biodegradable claim has been addressed by the Federal Trade Commission ("FTC") in its Green Guides, which were created by the FTC to help companies avoid making misleading and deceptive claims.  Specifically, under 16 C.F.R. § 260.8(c) of the Green Guides, the FTC states:

> It is deceptive to make an unqualified degradable claim for items entering the solid waste stream if the items do not completely decompose within one year after customary disposal. ***Unqualified degradable claims for items that are customarily disposed in landfills, incinerators, and recycling facilities are deceptive because these locations do not present conditions in which complete decomposition will occur within one year.***

*Id.* (emphasis added).

25.    It is for this reason that the FTC requires companies to ***clearly and prominently*** qualify biodegradable claims "to avoid deception about: (1) the product's or package's ability to degrade in the environment where it is customarily disposed." 16 C.F.R. § 260.8(d).

26.    Accordingly, the FTC and its Green Guides further support Plaintiff's allegations that she and other consumers have been misled by Defendant's Biodegradable Representations. As discussed in more detail below, landfills do not have the conditions necessary to allow the Products to decompose within a

First Amended Class Action Complaint

reasonably short period of time, and thus, per the FTC's Green Guides, the Biodegradable Representations should have been qualified to avoid consumer deception.

27.    Waste in landfills is buried, rather than being exposed to air, light, or oxygen. Such conditions essentially mummify the waste and prevent it from biodegrading within a reasonable amount of time.

28.    "Biologically and chemically, a landfill is a much more static structure than is commonly supposed. For some kinds of organics, biodegradation goes on for a little while, and then slows to a virtual standstill. For other kinds, biodegradation never really gets under way at all. Well-designed and managed landfills seem to be far more apt to preserve their contents for posterity than to transform them into humus or mulch. They are not vast composters; rather, they are vast mummifiers."[2]

29.    "The Garbage Project's excavations have unearthed such preserved perishables as heads of lettuce, Kaiser rolls, hot dogs, corncobs with their kernals intact, guacamole, and literally tons of datable, readable newspapers."[3]

30.    "Decomposition at most sites extends over a period of 20 years or more, largely due to low moisture input and poor distribution of moisture within a landfill. . . . Although landfills are currently designed for minimum rates of biodegradation by retarding moisture influx, it is important to consider designs to promote faster

---

[2] William L. Rathje & Cullen Murphy, *Rubbish! The Archaeology Of Garbage*, 112-114 (2001).

[3] William L. Rathje et al., *The Archaeology of Contemporary Landfills*, 57 Am. Antiquity 437, 442-443 (1992).

biodegradation, both for commercial gas recovery and faster return of landfill sites to alternative land uses."[4]

31.    Indeed, this is why the FTC has challenged biodegradable representations similar to those challenged in this case. For example, *In the Matter of Down to Earth Designs, Inc., A Corp.*, the FTC filed a complaint against a company that also labeled their baby products as "100% biodegradable." No. 122-3268, 2014 WL 253521, at *1 (MSNET Jan. 17, 2014).

32.    In the complaint, the FTC made it clear that, "[c]onsumers likely interpret unqualified degradable claims to mean that the entire product or package will completely decompose into elements found in nature within a reasonably short period of time after customary disposal. For items entering the solid waste stream, consumers likely interpret unqualified degradable claims to mean that the item will completely decompose within one year after customary disposal." *Id.* at *3 (citing 16 C.F.R. § 260.8(b),(c)).

33.    Despite this expectation, the products were not biodegradable. This is because the products were customarily disposed of in a landfill or incinerator, which simply "do not present conditions for biodegradation or composting within a reasonably short period of time." *In the Matter of Down to Earth Designs, Inc., A Corp.*, 2014 WL 253521 at *3.

34.    Ultimately, a settlement was reached between Down to Earth Designs, Inc. and the FTC; however, such actions demonstrate that even the FTC has recognized that biodegradable representations of the kind challenged herein can mislead reasonable consumers.

---

[4] Jean E. Bogner et al., *Modified Biochemical Methane Potential (BMP) Assays to Assess Biodegradation Potential of Landfilled Refuse* (1989) (funded by U.S. Dep't of Energy).

**V.    The Products' Compostable Representation**

35.    During the relevant class period, Defendant removed the Biodegradable Representations and added the unqualified phrase "100% compostable material" (the "Compostable Representation"). This representation leads reasonable consumers to believe that the Products can be composted safely and in a timely manner in a home compost pile or device. *See* example below.



36.    Unbeknownst to consumers, the Compostable Representation is false and misleading because the Products cannot be composted safely or in a timely manner in a home compost pile or device. Instead, on information and belief, the Products can only be composted in a commercial facility, which do not exist in all areas where consumers reside.

37.    The deceptive nature of Defendant's unqualified compostable claim has been addressed by the FTC's Green Guides. Specifically, under 16 C.F.R. § 260.7(c) of the Green Guides, the FTC states, "[a] marketer should ***clearly and prominently*** qualify compostable claims to the extent necessary to avoid deception if: [] the item cannot be composted safely or in a timely manner in a home compost pile or device[.]" (emphasis added).

38.    Here, there is no clear or prominent language qualifying the Compostable Representation on the front label of the Products.

39.    Accordingly, the FTC and its Green Guides further support the allegations that consumers have been misled by Defendant's Compostable Representation.

## VI.    Defendant's Knowledge and Injury to the Class

40.    The reasonable belief of Plaintiff and other class members that the Products will biodegrade within a reasonably short period of time after customary disposal or can be composted safely and in a timely manner in a home compost pile or device was a significant factor in the decision to purchase the Products.

41.    Indeed, a product's ability to biodegrade within a reasonably short period of time or to be composted at home are important to consumers because consumers value products that are good for the environment.

42.    As the entity responsible for the development, labeling, manufacturing, advertising, distribution and sale of the Products, Defendant knew or should have known that the Products are falsely and deceptively represented as being biodegradable or compostable.

43.    Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's front label representations. Nonetheless, Defendant deceptively labels and advertises the Products in order to deceive consumers and gain an unfair advantage in the market.

44.    Consumers are willing to pay more for the Products based on the belief that the Products are biodegradable or compostable. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known that the truth about them. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and other class members would not have paid had they been fully informed.

45.    Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

**VII. Class action allegations.**

46.    Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Class:

> **California Class**
>
> All persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more of the Products ("California Class")
>
> **California Consumer Subclass**
>
> All persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more of the Products for personal, family, or household purposes ("California Consumer Subclass") (collectively, the California Class and the California Consumer Subclass shall be referred to as the "Class")

47.    Excluded from the Class are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using

the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

48.    Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or add subclasses before the Court determines whether class certification is appropriate.

49.    Plaintiff is a member of the California Class and the California Consumer Subclass.

***Numerosity***

50.    Members of each class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by Defendant's records. At a minimum, there are likely thousands of Class members.

***Commonality***

51.    There are questions of law and fact common to the proposed Class. Common questions of law and fact include, without limitations:

(1) whether Defendant made false or misleading statements of fact in its labeling and advertising of the Products;

(2) whether reasonable consumers would rely upon Defendant's labeling and advertising of the Products;

(3) whether Defendant knew or should have known its representations were false or misleading;

(4) whether certification of the Class is appropriate under Rule 23;

(5) whether Defendant violated California's consumer protection statutes;

(6) whether Defendant committed a breach of an express or implied warranty;

(7) whether Defendant was unjustly enriched; and

(8) damages needed to reasonably compensate Plaintiff and the proposed Class.

*Typicality*

52.     Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased one of the Products and relied on the representations made by the Defendant about the Product prior to purchasing the Product. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

*Adequacy*

53.     Plaintiff will fairly and adequately protect the interests of the proposed Class as her interests do not conflict with the interests of the members of the proposed Class she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

*Predominance*

54.     Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Class. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

*Superiority*

55.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make

it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

### *Declaratory and Injunctive Relief*

56.    Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless declaratory relief is granted and a class-wide injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Class will continue to be misled, harmed, and denied their rights under the law.

## VIII.  Claims

**First Cause of Action**
**Violation of California's False Advertising Law**
**Cal. Bus. & Prof. Code § 17500, *et seq.***
**(*On behalf of the California Class*)**

57.    Plaintiff repeats the allegations contained in paragraphs 1-56 above as if fully set forth herein.

58.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL").

59.    The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is

known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

60.    Defendant has represented and continues to represent to the public, including Plaintiff and members of the California Class, through its deceptive labeling and advertising, that the Products will completely decompose within a reasonably short period of time after customary disposal or that the Products can be composted safely and in a timely manner in a home compost pile or device. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

61.    As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Class. Plaintiff therefore requests that the Court enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

<u>**Second Cause of Action**</u>
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq.***
**(*On behalf of the California Consumer Subclass*)**

62.    Plaintiff repeats the allegations contained in paragraphs 1-56 above as if fully set forth herein.

63.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant pursuant to California's Consumers Legal Remedies Act Cal. Civ. Code § 1750, *et seq.* ("CLRA").

64.    The Products are "good[s]" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

65.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . . ." By using the Biodegradable Representations and Compostable Representation on the front label of the Products, Defendant has represented and continues to represent that the Products have sponsorship, approval, characteristics, uses, and benefits (i.e., that the Products will completely decompose within a reasonably short period of time period after customary disposal or that the Products can be composted safely and in a timely manner in a home compost pile or device) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

66.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By using the Biodegradable Representations and Compostable Representation on the front label of the Products, Defendant has represented and continues to represent that the Products are of a particular standard, quality, or grade (i.e., that the Products will completely decompose within a reasonably short period of time period after customary disposal or that the Products can be composted safely and in a timely manner in a home compost pile or device) that they do not meet. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

67.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By using the Biodegradable Representations and Compostable Representation on the front label of the Products,

and not delivering Products that will completely decompose within a reasonably short period of time period after customary disposal or that can be composted safely and in a timely manner in a home compost pile or device, Defendant has advertised the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

68.     At all relevant times, Defendant has known or reasonably should have known that the Biodegradable Representations and Compostable Representation on the front labels of the Products are false and deceptive, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on these representations when purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing the Products will completely decompose within a reasonably short period of time period after customary disposal or that the Products can be composted safely and in a timely manner in a home compost pile or device.

69.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations and omissions when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

70.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known that the Products will not completely decompose within a reasonably short period of time period after customary disposal or that the Products can be composted safely and in a timely manner in a home compost pile or device.

71.     Under Cal. Civ. Code § 1780(a), Plaintiff and California Consumer Subclass members seek injunctive relief for Defendant's violations of the CLRA.

First Amended Class Action Complaint

72.    Plaintiff mailed notice to Defendant its CLRA violations pursuant to Cal. Civ. Code § 1782 on May 21, 2025. Defendant has not agreed to rectify the problems identified herein within 30 days of receipt. Thus Plaintiff seeks damages pursuant to Cal. Civ. Code § 1780 individually, and on behalf of the members of the California Consumer Subclass.

73.    Pursuant to Cal. Civ. Code § 1780(d), a declaration of venue is attached to this Complaint.

**Third Cause of Action**
**Violation of California's Unfair Competition Law**
**California Business & Professions Code § 17200,** *et seq.*
**(*On behalf of the California Class*)**

74.    Plaintiff repeats the allegations contained in paragraphs 1-56 above as if fully set forth herein.

75.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California Business & Professions Code § 17200, *et seq.* ("UCL").

76.    Cal. Bus. & Prof Code § 17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising[.]"

77.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA and the FAL. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the proposed California Class.

78.    Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral,

unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Products' labeling. Deceiving consumers into believing they will receive a Product(s) that will completely decompose within a reasonably short period of time period after customary disposal or that can be composted safely and in a timely manner in a home compost pile or device when that is not the case is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the proposed California Class.

79.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Products will completely decompose within a reasonably short period of time period after customary disposal or can be composted safely and in a timely manner in a home compost pile or device. Because Defendant misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Class.

80.    Plaintiff requests that the Court enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**Fourth Cause of Action**
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
***(On behalf of the California Class)***

81.     Plaintiff repeats the allegations contained in paragraphs 1-56 above as if fully set forth herein.

82.     Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant.

83.     California's express warranty statutes provide that "(a) [a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) [a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

84.     Defendant has expressly warranted on the Products' front label that the Products are biodegradable or compostable. However, as alleged herein, these express representations are false and misleading, as the Products will not completely decompose within a reasonably short period of time period after customary disposal and the Products cannot be composted safely and in a timely manner in a home compost pile or device.

85.     Defendant's Biodegradable Representations and Compostable Representation on the Products' front labels are: (a) affirmations of fact or promises made by Defendant to consumers that the Products will completely decompose within a reasonably short period of time period after customary disposal or that the Products can be composted safely and in a timely manner in a home compost pile or device; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or

promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

86.    Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing the Products are biodegradable or compostable.

87.    Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to provide the Products as represented on the front labels.

88.    Plaintiff and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated with them. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

89.    On May 21, 2025, within a reasonable time of discovering the breach, Plaintiff notified Defendant of its breach of warranty by way of a notice letter outlining the foregoing allegation.

## Fifth Cause of Action
### Breach of Implied Warranties
### Cal. Com. Code § 2314
### (*On behalf of the California Class*)

90.    Plaintiff repeats the allegations contained in paragraphs 1-56 above as if fully set forth herein.

91.    Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant.

92.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

93.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

94.     Defendant is a merchant with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

95.     By advertising the Products with the Biodegradable Representations or Compostable Representation on the Products' front label, Defendant made an implied promise that the Products are biodegradable or compostable. However, the Products have not "conformed to the promises. . . made on the container or label" because the Products will not completely decompose within a reasonably short period of time period after customary disposal and the Products cannot be composted safely and in a timely manner in a home compost pile or device. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

96.     If Plaintiff and members of the California Class had known that the Products' Biodegradable Representations and Compostable Representation were false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's

breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

97.    On May 21, 2025, within a reasonable time of discovering the breach, Plaintiff notified Defendant of its breach of warranty by way of a notice letter outlining the foregoing allegation.

## Sixth Cause of Action
### Quasi Contract/Unjust Enrichment/Restitution
### (*On behalf of the California Class*)

98.    Plaintiff repeats the allegations contained in paragraphs 1-56 above as if fully set forth herein.

99.    Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant.

100.    As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the California Class to induce them to purchase the Products. Plaintiff and members of the California Class have reasonably relied on the misleading representations and have not received all of the benefits and promises (that the Products will completely decompose within a reasonably short period of time period after customary disposal or that the Products can be composted safely and in a timely manner in a home compost pile or device) made by Defendant through the Products' representations. Plaintiff and members of the California Class have therefore been induced by Defendant's misleading and deceptive representations about the Products, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

101.    Plaintiff and members of the California Class have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiff and members of the California Class.

First Amended Class Action Complaint

102.    The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the California Class—i.e., Plaintiff and members of the California Class did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it.

103.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the California Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Class, respectfully prays for following relief:

A.    Certification of this case as a class action on behalf of the proposed Class defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class Counsel;

B.    A declaration that Defendant's actions, as described herein, violate the claims described herein;

C.    An award of injunctive relief as is necessary to protect the interests of Plaintiff and the proposed Class, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

D.    An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

E.    An award of nominal, punitive, and statutory damages;

First Amended Class Action Complaint

F.     An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

G.     An award to Plaintiff and the proposed Class of pre and post-judgment interest, to the extent allowable; and

H.     For such further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of the proposed Class, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: September 15, 2025          **TREEHOUSE LAW, LLP**

By: _ /s/ Ruhandy Glezakos_

Ruhandy Glezakos (SBN 307473)
rglezakos@treehouselaw.com
Benjamin Heikali (SBN 307466)
bheikali@treehouselaw.com
Joshua Nassir (SBN 318344)
jnassir@treehouselaw.com
Katherine Phillips (SBN 353048)
kphillips@treehouselaw.com
3130 Wilshire Blvd., Suite 555
Santa Monica, CA 90403
Telephone: (310) 751-5948

*Attorneys for Plaintiff and the
Putative Class*

First Amended Class Action Complaint

Vinesign Document ID: AD843B29-9AAC-4E43-8BDE-98169910D5F5

## <u>Venue Declaration Pursuant to Cal. Civ. Code 1780(d)</u>

I, Robin Victoria Savage, declare as follows:

1.      I am the named Plaintiff in the above-captioned action and a citizen of the State of California. I have personal knowledge of the facts set forth in this declaration, and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2.      I believe that the Central District of California is the proper place for trial of this case because I reside in this District, and Orange County, the county in which I purchased the challenged Products, is in this District.

I declare under penalty of perjury that the foregoing is true and correct, executed on 07/30/2025 in Laguna Woods, California.

_Robin Savage_
Robin Victoria Savage